## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CAROL MCCOY, | DOCKET NUMBER |
|      Appellant, | SF-0752-21-0079-I-2 |
|   v. | |
| DEPARTMENT OF THE NAVY, | DATE:  March 27, 2026 |
|      Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Daphne E. Barbee-Wooton, Esquire, Honolulu, Hawaii, for the appellant.

Kendall Scott Rocio, Washington Navy Yard, D.C., for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained the appellant's 21-day suspension.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as MODIFIED to clarify the analysis applicable to the appellant's claims of sex discrimination and retaliation for equal employment opportunity (EEO) activity, VACATE any finding that the agency's contemporaneous suspension action against a male employee disproves that sex was a motivating factor in the appellant's suspension, and supplement the administrative judge's analysis to address all protected EEO activity alleged by the appellant, we AFFIRM the initial decision.

## BACKGROUND

At all times relevant to this appeal, the appellant was a GS-06 Police Officer at Joint Base Pearl Harbor-Hickman, Hawaii. *McCoy v. Department of the Navy*, MSPB Docket No. SF-0752-21-0079-I-2, Appeal File (I-2 AF), Tab 7 at 20. In June 2020, the agency proposed a 21-day suspension based on charges of failure to follow instructions and inappropriate behavior. *Id.* at 39-43. The charges concerned conflicts with her supervisor, a Police Lieutenant, on a night in October 2019, culminating with her refusal to comply with his instructions to return to patrol duties instead of relieving the officer assigned to desk duties for a meal break. *Id.* at 39-40. The agency based the charges on a pre-action investigation report completed by the same supervisor. *Id.* at 44-57. In November 2020, the agency sustained the charges and suspended the appellant for

21 days. *Id*. at 20-23. The agency also suspended the desk officer, who was male, for his misconduct on the same night. I-2 AF, Tab 26 at 61-66.

The appellant filed a Board appeal, disputing the charges and asserting affirmative defenses of due process violations, harmful procedural error, sex discrimination, and reprisal for EEO activity. *McCoy v. Department of the Navy*, MSPB Docket No. SF-0752-21-0079-I-1, Initial Appeal File (IAF), Tab 1 at 1, 6. She further alleged that the penalty was excessive. *Id*. at 6. After holding the appellant's requested hearing, the administrative judge issued an initial decision sustaining both charges but not all underlying specifications. I-2 AF, Tab 38, Initial Decision (ID) at 12-28. He further found that she failed to prove her affirmative defenses, that the agency proved nexus, and that the penalty of a 21-day suspension was strict but within the parameters of reasonableness. ID at 28-51.

The appellant has filed a petition for review reiterating her arguments below and challenging the administrative judge's rulings denying some of her requested witnesses. Petition for Review (PFR) File, Tab 1. The agency's response to the appellant's petition for review was untimely without good cause shown.[1]

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant challenges the administrative judge's findings regarding the agency's charges, nexus, and the penalty. PFR File, Tab 1. She

---

[1] The agency submitted a response to the petition for review that was untimely by 39 minutes, PFR File, Tab 3, and, after notification from the Board of its untimeliness, PFR File, Tab 4, filed a motion to accept the filing as timely, PFR File, Tab 5. The agency has argued that, although it uploaded the response in the Eastern Time Zone, it was in compliance with the filing deadline because the time zone of the Western Regional Office should apply. *Id*. This argument is inconsistent with the Board's regulation providing that the timeliness of a pleading is assessed based on the time zone from which the pleading is being filed. *Gaetos v. Department of Veterans Affairs*, 121 M.S.P.R. 201, ¶ 4 (2014); 5 C.F.R. § 1201.14(m)(1) (2022). The agency did not submit an alternative argument for good cause for an untimely filing. Accordingly, we deny the agency's motion and find the agency's response to be untimely.

also reasserts her claims of due process violations and harmful procedural error. *Id.* at 15-19. We find no reason to disturb the administrative judge's findings on those issues.[2] ID at 12-35, 43-52. Concerning her claims of sex discrimination and EEO retaliation, we modify the initial decision in several minor respects. ID at 35-43.

<u>We agree with the administrative judge that the appellant did not meet her burden of proving sex discrimination.</u>

The appellant reasserts sex discrimination based on disparate treatment, mainly by her supervisor, a Police Lieutenant. PFR File, Tab 1 at 20. As correctly explained by the administrative judge, an appellant may prove an affirmative defense of sex discrimination based on disparate treatment by showing that discrimination was a motivating factor in the contested personnel action, even if it was not the only reason. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-24. The appellant may prove discrimination by submitting any combination of direct or indirect evidence, including evidence of pretext, comparator evidence, and evidence of suspicious timing or other actions or statements that, taken alone or together, could raise an inference of retaliation. *Id.*, ¶ 24.

We clarify that, had the appellant proved that her supervisor was motivated by sex discrimination in conducting his pre-action investigation and referring her for discipline, the appellant likely would have shown that her supervisor's biased actions were a proximate cause of the agency's decision to suspend her. ID at 38-39; *see Staub v. Proctor Hospital*, 562 U.S. 411, 413-23 (2011) (finding that an underlying allegation made by a supervisor with discriminatory animus

---

[2] On review, the appellant reasserts her arguments regarding the agency's failure to interview her during its pre-action investigation as a claim of a due process violation. PFR File, Tab 1 at 15. This claim is without merit. Due process rights attach when an administrative case has moved from the investigation phase to the adjudicative phase. *See Ashford v. Department of Justice, Bureau of Prisons*, 6 M.S.P.R. 458, 463-64 (1981). Thus, the appellant did not have a due process right to an investigatory interview or any other pre-action procedures.

was a proximate cause of the agency's resultant adverse action and, thus, the agency/employer could be liable under a "motivating factor" standard). We also clarify that evidence of past events, such as a witness's written statement that she overheard the supervisor saying that "women don't belong working as gate guards, carrying firearms and working with men . . . only men should be working," may be relevant circumstantial evidence of discriminatory intent. I-2 AF, Tab 7 at 61; ID at 37-38; *see Pridgen*, 2022 MSPB 31, ¶ 24 (stating that circumstantial evidence includes, among other things, evidence such as behavior toward or comments directed at other employees in the protected group, and other bits and pieces from which an inference of discriminatory intent might be drawn). Nevertheless, we have considered this and all other evidence and agree with the administrative judge that the appellant has not shown by preponderant evidence that her supervisor—or any other agency actor—was motivated by sex discrimination in the suspension action. ID at 35-41.

The appellant presents the male desk officer as a comparator, alleging that the agency took adverse action against him only after the appellant complained of sex discrimination. PFR File, Tab 1 at 21, 23. We agree with the administrative judge that the timing of the agency's actions was not significant, and the fact of the male desk officer's contemporaneous discipline is not helpful to the appellant in proving her case. ID at 36-41, 43; *see generally Pridgen*, 2022 MSPB 31, ¶ 24 (stating that circumstantial evidence of Title VII discrimination may include comparator evidence, i.e., employees similarly situated to the plaintiff other than in the protected characteristic that received systematically better treatment). However, we vacate any suggestion that the agency's actions concerning the male desk officer disprove that sex could have been a motivating factor, i.e., played *any part* in its actions concerning the appellant. ID at 39, 41; *see Pridgen*, 2022 MSPB 31, ¶ 21.

Nonetheless, we agree with the administrative judge's conclusion that the appellant did not meet her burden of proving that sex was a motivating factor in

the agency's suspension action. Because the appellant did not prove that sex discrimination was a motivating factor, she also did not prove that it was a but-for cause of the action. *See Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 31.

<u>We agree with the administrative judge that the appellant did not meet her burden of proving EEO retaliation.</u>

Claims of retaliation for opposing discrimination in violation of Title VII are analyzed under the same framework used for Title VII discrimination claims. *Pridgen*, 2022 MSPB 31, ¶ 30. We agree with the administrative judge that the appellant did not prove that the agency was motivated by her past EEO complaints alleging sex discrimination, among other things,[3] in its decision to suspend her. ID at 43. Therefore, she also did not show that retaliation for her EEO complaints was a but-for cause of the agency's action. *See Desjardin*, 2023 MSPB 6, ¶ 32 n.15.

On review, the appellant reasserts that she also engaged in protected EEO activity on the evening of the alleged misconduct for which she was disciplined. PFR File, Tab 1 at 24-27; I-2 AF, Tab 26 at 14. First, she argues that her email to the Police Captain complaining that her supervisor was "targeting" and "harassing" her was protected activity. PFR File, Tab 1 at 24; I-2 AF, Tab 26 at 13-14. However, we note that Title VII's opposition clause only protects an employee's opposition to discrimination. 42 U.S.C. § 2000e-3(a) (making it "an unlawful employment practice for an employer to discriminate against any . . . employee[ ] . . . because he has opposed any practice made an unlawful employment practice by this subchapter"). In other words, protected opposition must alert an employer that Title VII discrimination is at issue. PFR File, Tab 1 at 25; *see generally Crawford v. Metropolitan Government of Nashville and Davidson County*, 555 U.S. 271, 276-78 (2009) (discussing the term "oppose" in

---

[3] Some of the appellant's prior EEO complaints involved complaints of discrimination based on a left ankle disability. I-2 AF, Tab 26 at 20-25. To the extent that she was alleging retaliation for complaints of disability discrimination, the "but-for" causation standard is applicable to such claims. *See Pridgen*, 2022 MSPB 31, ¶ 46.

the opposition clause of 42 U.S.C. § 2000e-3(a) and explaining that opposition includes taking "a stand against an employer's discriminatory practices"). Here, the appellant's emails show that although she complained to the Police Captain that she was being "harassed" and that her supervisor was "targeting" her, she made no indication that she was being harassed or targeted because of her sex. I-2 AF, Tab 8 at 31-32. Read in context, her complaints indicate her belief that she was being targeted because of an earlier incident that evening that had nothing to do with her sex. *Id.* Accordingly, we find that these emails were not protected under Title VII's opposition clause. In any event, we find that the appellant did not prove any retaliatory motive on the part of the Police Captain, or any other agency actor, based on her emails.

Second, the appellant argues that she engaged in protected activity when she orally objected to her supervisor calling her "Ms. McCoy" instead of "Officer McCoy." PFR File, Tab 1 at 26-27. The record contains an audio-recording by her supervisor that captured her objections. I-2 AF, Tab 15. It is unclear from the appellant's statements whether she was objecting to the supervisor's manner of addressing her because she believed that it was discriminatory based on sex or merely disrespectful because it failed to recognize her title. *Id.* In any event, assuming that this communication is protected under Title VII, the appellant has not shown that it was a motivating factor in the agency's action. Notably, the appellant's supervisor already had an issue with the appellant's conduct or performance that evening, which is why he intended to confront her and record the confrontation. I-2 AF, Tab 7 at 46, Tab 26 at 45. Moreover, we would not expect that these statements objecting to perceived slights would have generated retaliatory animus on the part of the supervisor, and the appellant has not proven that the supervisor had such animus.

The appellant also reasserts retaliation based on her October 20, 2020 EEO complaint regarding the instant matter, filed a week or two before the agency's

decision to suspend her.[4]  PFR File, Tab 1 at 24; I-2 AF, Tab 8 at 129-55, Tab 26 at 13-15.  We find that this EEO complaint constitutes activity protected under Title VII.  5 U.S.C. § 2302(b)(9)(A)(ii); *see* 42 U.S.C. § 2000e-3(a).  However, it appears that by that time the only agency actor still involved in the disciplinary action was the deciding official.  The administrative judge appeared to credit the deciding official's testimony that the only EEO activity he knew of was what was disclosed by the appellant in her replies to the proposal notice, which came before her October 2020 complaint.  ID at 43; I-2 AF, Tab 7 at 27-33.[5]  He also implicitly credited the deciding official's testimony that he did not consider any EEO activity in making his decision, noting that the deciding official was not the subject of any EEO complaint and, therefore, would have had no obvious retaliatory motive.  ID at 42-43.  Therefore, we agree with the administrative judge that the appellant did not establish her affirmative defense of EEO retaliation.  ID at 42-44.

## The appellant did not preserve for review her objections to the administrative judge's denial of witnesses.

The appellant also challenges the administrative judge's denial of three of her requested witnesses, who she expected to produce testimony relevant to her affirmative defenses of sex discrimination and EEO retaliation.  PFR File, Tab 1 at 20, 25-26; I-2 AF, Tab 26 at 15-16, Tab 28 at 5.  As it stands, however, we find that the appellant failed to preserve this issue for our review in this case.  *See Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988) (finding that the appellant's failure to timely object to rulings on witnesses precluded his doing so on petition for review).

---

[4] The agency initially issued a decision letter on October 30, 2020, but corrected it on November 3, 2020, because of an error with the dates of the suspension.  I-2 AF, Tab 7 at 21, 24, 80, Tab 26 at 33, 36, 41.

[5] These replies contain general allegations of sex discrimination.  The appellant has not alleged that the agency retaliated against her for these statements.  PFR File, Tab 1 at 24-27; I-2 AF, Tab 26 at 13-15.

**NOTICE OF APPEAL RIGHTS**[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.